IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 11, 2004 Session

## CITIZENS FIRST BANK v. ANDREW N. HALL

**Direct Appeal from the Circuit Court for Morgan County**
**No. 6314C      Hon. Russell Simmons, Jr., Circuit Judge**

**No. E2003-02678-COA-R3-CV  - FILED JANUARY 24, 2005**

The Trial Court entered Judgment for plaintiff on loan to defendant and set off the amounts of certain forged checks on defendant's accounts with bank against plaintiff's recovery.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Billy P. Sams, Oak Ridge, Tennessee, for appellant.

James Frank Wilson, Wartburg, Tennessee, for appellee.

### OPINION

Plaintiff Bank brought action to recover on loan made to defendant.  Defendant counter-claimed, alleging that Bank had honored forged checks on his accounts and that he was entitled to a set-off against the loan.  The Trial Court, after hearing evidence, entered Judgment for plaintiff on the loan in favor of the Bank, found in favor of defendant as to certain checks on his counter-claim, but ruled in favor of the Bank on a $4,000.00 forged check drawn on defendant's trust account.  Defendant has appealed to this Court.

Defendant has not presented a separate statement of the issues, as required by the Rules, (Rule 27 Tenn. R. App. P.,) but the first sentence of his argument states:

> Did the trial court err or apply the wrong standard of revue [sic] in determining that Andrew N. Hall has not carried his burden of proof that he gave notice before the one year?

The issue is inartfully drawn, but we frame the issue for review as to whether defendant's failure to review his bank statements, discover any irregularities and notify the Bank, precludes his counter-claim against the Bank. The Bank has essentially raised this issue in its brief.

The Bank initially brought this action in Sessions Court on a promissory note executed by the defendant, and was awarded Judgment on the note, plus attorney's fees. Defendant appealed the total Judgment of $12,358.68 to the Circuit Court, where defendant filed a counter-claim setting out that he had "suffered the loss of $5,313.13 in funds wrongfully paid" to the forger. In his counter-complaint he set forth the checks at issue, dated March 6, 2002 - $140.00, March 8, 2002 - $200.00, April 4, 2002 - $4,000.00, April 12, 2002 - $57.26, May 6, 2002 - $320.00, May 15, 2002 - $140.00, May 17, 2002 - $455.87. Defendant averred that he learned of the forgeries on or about May 17, 2002 and immediately informed the Bank.

At the conclusion of the evidentiary hearing, the Trial Court ruled that plaintiff was entitled to recover on its note against the defendant, and as to the counter-claim, said that the parties agreed that the check in the amount of $455.87 could not be verified as having been cashed, and was taken out of the claim, reducing the claim to $4,857.26.

The Trial Court continued that the evidence showed that the checks at issue were on two accounts, one being a trust account and the others on an office account, and the evidence "showed Andrew Hall first discovered irregularities in the trust account when a check on it was dishonored. The check was presented on April 18, 2002 and returned on April 19, 2002. The Court continued that when Andrew Hall was notified by the Bank he called the Bank and discovered that a $4,000.00 check had been cashed on the account. The Court concluded that Andrew Hall has not carried his burden of proof that he made claim on that check before the one year statute expired. The Court further explained, "on discussion of the matter with the employee, Andrew Hall indicated he fired the employee, but rehired her when she pleaded with him. He also had an agreement that she would pay back the $4,000.00, which he claimed she never paid back. Andrew Hall did not enter any testimony that he made a specific request to the Bank, either in writing or verbally to cover this particular check." The Court concluded he made no claim to cover this forgery until after he was sued by the Bank.

The factual findings of the Trial Court are afforded a presumption of correctness, and will not be overturned on appeal unless the evidence preponderates against them. *See*, Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). However, with respect to legal issues, the review is *de novo*, with no deference to the conclusions of law made by the lower courts. *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The well-settled rule in forgery cases as between the customer and the bank, is the

bank must bear the loss where money has been paid as a result of a third party forging the drawer's signature on a check. *Kaley et al v. Union Planters Nat'l Bank of Memphis,* 775 S.W.2d 607, 609 (Tenn. Ct. App. 1988).

If the Bank can show that the depositor failed to exercise ordinary care with respect to duties imposed in Tenn. Code Ann. 47-4-406(c), then it will not be liable on the forgeries. Tenn. Code Ann. 47-4-406(d).

Inquiries as to the application of the Statute, T.C.A. § 47-3-406 are highly factual. *See, Bank/First Citizens Bank v. Citizen's & Assoc.,* 825 S.W.3d 259 (Tenn. 2002). The evidence does not preponderate against the Trial Court's finding on the $4,000.00 check honored by the Bank. The evidence establishes that it was the Bank's procedure when notified of a forgery to have the depositor make an Affidavit of Forgery. No such Affidavit was completed as to this check. While defendant testified that he told a Bank employee over the phone that the $4,000.00 check was a forgery, his actions support the Trial Judge's conclusion that he did not make a claim against the Bank for this forgery until this suit was filed. Hall testified that he became aware of the $4,000.00 check drawn on his trust account on Saturday, after April 4. He testified that he checked his mail and that he had a statement from the Bank that a check he had written to the Juvenile Court Clerk "had bounced", which was in the amount of a little over $2,500.00. He then called the Bank to enquire about why the check bounced, and the bank employee went over his account and advised that Angela Davis had cashed the $4,000.00 check at a drive-in window for a loan. He testified that he told the Bank employee that she had forged the check, but he then deposited money in the bank so that the Clerk's check would clear, and he fired his employee, Angela Davis, but then changed his mind and "gave her another chance". She agreed to repay him the $4,000.00.

The Bank insists that Hall's negligence precludes any recovery, in that he hired a known thief as an employee, didn't take proper precautions, and then rehired her on the same date he fired her for stealing from him. Also, he left his check books where dishonest employees could easily access them. He failed to check and reconcile his bank statements in a timely manner, and in his letter of June 5 to the Bank requesting copies of the checks, he did not explain why he needed the checks. The Trial Court's remarks did not address the issue of negligence and proximate cause directly, rather, the Trial Court focused on defendant's conduct in terms of whether timely notice was given. Since the Court awarded a set-off for the office account checks, it is implicit in his ruling that the plaintiff did not establish defendant's conduct was negligent and the proximate cause of these losses.

The Bank insists that Hall never made a claim for the $4,000.00 forgery until a year had elapsed, and if a claim had been made, the Bank would have taken an Affidavit of Forgery and credited Hall's account. As stated earlier, the evidence does not preponderate against the Trial Court's finding on this issue. In sum, Hall, when learning of the forgery, did not make a claim against the Bank but deposited monies to cover the overdraft and sought to recover from the forger. He did not formally make a claim until the counter-claim was filed in this action.

On the Bank's issue of whether Hall was entitled to credit for the remaining forged checks, the evidence does not preponderate against the Trial Court's findings. Tenn. R. App. P. 13(d). Hall testified that when he fired and rehired his employee, he did not know that she had access to his account on which these checks were forged. Hall testified when he learned of these forgeries, he closed the office account and opened another account with the Bank in late May, and told the Bank employee about the forgeries in his office account. Hall testified that when he went to the Bank in September of 2002 to renew his note, the President of the Bank asked him what was going on, and that he told the President that he couldn't pay off the note because checks forged on his account had put him in the hole. While the Bank's President disputes this testimony, the Court obviously credited Hall's recounting of this conversation because it commented that "a delay of three months was not unreasonable" in giving notice to the Bank, which apparently referred to the September 2002 meeting between the Bank's President and Hall, and the Court additionally found "that the reasons for the transaction were discussed, the notice was given to the Bank . . . the Bank was notified as to the office account." The evidence does not preponderate against the Trial Court's finding that the defendant was entitled to the set-off for those checks. Tenn. R. App. P. 13(d).

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed one-half to Citizens First Bank and one-half to Andrew N. Hall.

HERSCHEL PICKENS FRANKS, P.J.

-4-